UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FACEBOOK, INC., IPO SECURITIES AND DERIVATIVE LITIGATION <br><br> This document relates to the Consolidated NASDAQ Actions | MDL No. 12-2389 (RWS) <br><br> [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE <br><br> EXHIBIT A <br><br> No. 12-cv-4054   No. 12-cv-4600 <br> No. 12-cv-4200   No. 12-cv-4716 <br> No. 12-cv-4201   No. 12-cv-5549 <br> No. 12-cv-4315   No. 12-cv-5630 <br> No. 12-cv-4403   No. 12-cv-6882 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/15

WHEREAS, the consolidated actions captioned above (the "Consolidated Nasdaq Actions"), are pending before this Court;

WHEREAS, the parties having made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the settlement of this litigation, in accordance with a Stipulation and Agreement of Settlement dated May 22, 2015 (the "Stipulation") between Lead Plaintiffs[1] and The NASDAQ OMX Group, Inc. ("Nasdaq"), The Nasdaq Stock Market LLC (the "Exchange"), Robert Greifeld and Anna M. Ewing (collectively, the "Nasdaq Defendants"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Consolidated Nasdaq Actions and for dismissal of the Consolidated Nasdaq Actions with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and *[handwritten: the opposition to preliminary approval having been withdrawn]*

WHEREAS, all capitalized terms used herein and not otherwise defined have the meanings defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein, and the Plan of Allocation, subject to further consideration at the Settlement Fairness Hearing described below.

---

[1] In accordance with the Court's Order of December 6, 2012, plaintiffs Avatar Securities, LLC, First New York Securities L.L.C., T3 Trading Group, LLC, Meredith Bailey, Atish Gandhi, Philip Goldberg, Steve Jarvis, Faisal Sami and Colin Suzman were appointed Lead Plaintiffs for the putative Class. On May 21, 2015, First New York Securities L.L.C. file a notice to voluntarily dismissed its claims with prejudice. Accordingly for purposes of this Order and further proceedings relating to the Settlement, "Lead Plaintiffs" shall refer to the lead plaintiffs other than First New York Securities L.L.C.

1

2.	Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Consolidated Nasdaq Actions are hereby certified as a class action on behalf of all persons and entities that entered retail pre-market and aftermarket orders to purchase and/or sell the common stock of Facebook, Inc. on May 18, 2012, and who suffered monetary losses as a result of the conduct alleged in the CAC, including persons and entities (i) alleging claims for violations of the federal securities laws, and (ii) alleging claims for common law negligence; provided however, that the Class shall not include: the Nasdaq Defendants or their parent companies, subsidiaries, or affiliates; the officers and directors of Nasdaq and the Exchange; the legal representatives and heirs or assigns of any Nasdaq Defendant; any federal governmental entities and instrumentalities of the federal government; any judicial officer presiding over the Consolidated Nasdaq Actions and any member of his or her immediate family and judicial staff; and any person or entity that was on May 18, 2012 a member of the Exchange.

3.	The Court finds, for the purposes of the Settlement only, that the requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.	Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs T3 Trading Group, LLC, Avatar Securities, LLC, Philip

Goldberg, Steve Jarvis, Atish Gandhi, Colin Suzman, Meredith Bailey, and Faisal Sami are certified as Class Representatives for the Class, and the law firms Finkelstein Thompson LLP, Lovell Stewart Halebian Jacobson LLP, and Entwistle & Cappucci LLP are appointed as Co-Lead Counsel for the Class.

5. A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on September 16, 2015, at 12:00 p.m. for the following purposes:

   a. to determine whether the Class satisfies the applicable requirements for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and should be certified as a class action;

   b. to determine whether the Settlement documented in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

   c. to determine whether the Order and Final Judgment should be entered, dismissing the CAC against the Nasdaq Defendants on the merits and with prejudice;

   d. to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

   e. to consider Co-Lead Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses;

   f. to consider Lead Plaintiffs' application for an award of service fees or incentive awards; and

   g. to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right

to enter its Order and Final Judgment approving the Settlement and dismissing the CAC on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7.  The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement with Nasdaq Defendants, Motion for Attorneys' Fees and Settlement Fairness Hearing and Notice of Proposed Plan of Distribution (the "Notice") and the Proof of Claim form annexed hereto as Exhibits 1 and 2 respectively.

8.  The Court approves the appointment of The A.B. Data Group, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before ~~June 12, 2015~~ July 1, 2015, to all members of the Class who can be identified with reasonable effort. The Claims administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who entered retail pre-market and aftermarket orders to purchase and/or sell the common stock of Facebook on May 18, 2012 as record owners but not as beneficial owners. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Plaintiffs' Settlement Administration Account, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to

4

EC.58459.1

beneficial owners. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

9. The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Co-Lead Counsel shall cause the Publication Notice to be published in the national edition of *The Wall Street Journal* within ten days of the mailing of the Notice. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

10. The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11. In order to be entitled to participate in the Settlement, each member of the Class shall take the following actions and be subject to the following conditions:

    a. A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than October 7, 2015. Such deadline may be extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order approving distribution of the Settlement Fund. Any Proof of

Claim submitted in any other manner shall be deemed to have been submitted when it is actually received at the address designated in the Notice.

b.  The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c.  As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims against the Released Parties as provided in the Stipulation. For avoidance of doubt, the Settled Claims include, without limitation, the claims asserted in the nonconsolidated action captioned *Michael Zack v. The NASDAQ Group, Inc. and The NASDAQ Stock Market LLC*, 12-cv-6439-RWS, pending in this Court.

12. Each member of the Class shall be bound by all determinations and judgments in these Consolidated Nasdaq Actions, whether favorable or unfavorable, unless such member of the Class requests exclusion from the Class in a timely and proper manner, as hereinafter provided. A member of the Class wishing to make such request for exclusion shall mail the request in written form by first class mail postmarked no later than August 19, 2015 (the "Opt-Out Deadline") to the address designated in the Notice. Such request for exclusion shall state the name, address and telephone number of the Class member seeking exclusion, must be signed by such person, and must specify the number of shares of Facebook stock for which the Class member seeks exclusion and the date(s), price(s) and order nature(s) (i.e., purchase or sale) of the order(s) for which the Class member seeks exclusion. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

13. Members of the Class requesting exclusion from the Class will not be entitled to receive any payment out of the Settlement Fund.

14. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, the award of attorneys' fees and reimbursement of expenses to Plaintiffs' Co-Lead Counsel and the award of service fees or incentive awards to Lead Plaintiffs only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007, on or before August 19, 2015, and served by that date upon each of the following: Vincent R. Cappucci, Entwistle & Cappucci LLP, 280 Park Avenue, 26th Floor West, New York, NY 10017, on behalf of Lead Plaintiffs and the Class; William A. Slaughter, Ballard Spahr LLP, 1735 Market Street, 51st

Floor, Philadelphia, PA 19103, on behalf of the Nasdaq Defendants; and the Claims Administrator, addressed to In re Facebook, Inc., IPO Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 170999, Milwaukee, WI, 53217-8099. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the request for attorneys' fees and expenses and/or the request for service fees or incentive awards are required to indicate in their written objection their intention to appear at the hearing. Objectors who desire to present evidence at the hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the hearing. Members of the Class do not need to appear at the hearing or take any other action to indicate their approval of the Settlement or the other matters for consideration before the Court at the hearing.

15. Plaintiffs' Co-Lead Counsel shall file and serve their brief in support of final approval of the Settlement and their application for attorneys' fees and expenses, and any supporting documents, on or before August 12, 2015.

16. Pending final determination whether the Settlement should be approved, the Lead Plaintiffs and the other members of the Class shall not institute, commence or prosecute any action asserting any Settled Claim against any Released Party.

17. As provided in the Stipulation, Plaintiffs' Co-Lead Counsel may pay the Claims Administrator the reasonable and customary fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Plaintiffs' Settlement Administration Account without further order of the Court.

18. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the

event the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly distributed pursuant to sections 3.2 and 3.4 of the Stipulation.

19.   If the Stipulation and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her, or its respective position as it existed prior to April 21, 2015 (the date of execution of the parties' Memorandum of Understanding).

20.   The Court retains exclusive jurisdiction over the Consolidated Nasdaq Actions to consider all further matters arising out of or connected with the Settlement, including (without limitation) all matters relating to the administration, interpretation, effectuation and/or enforcement of the Stipulation and this Order.

IT IS SO ORDERED

Dated: June 24

Honorable Robert W. Sweet
United States District Judge